UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C.M.H.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et. al.,<br>Respondents. | No. 1:26-cv-01808-DC-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 6.

On May 1, 1990, Petitioner was convicted of trafficking offenses and sentenced to 35 years of imprisonment. See ECF No. 1, pg. 4. After serving his sentence, Petitioner was issued a final order of removal. See id. Petitioner was found to have a reasonable fear of removal and was placed in withholding only proceedings. See id. On May 14, 2020, Petitioner was released under an order of supervision. See id. at 5. Petitioner asserts he was denied due process when he was re-detained on December 9, 2025, without notice or a pre-deprivation bond hearing. See id. at 4.

///

///

The District Judge ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). See ECF No. 8.

Respondents filed a joint opposition to injunctive relief and opposition to the petition, asserting this case differs from the Court's prior orders due to Petitioner's criminal history and final order of removal. See ECF No. 10. The Court granted Petitioner's motion for temporary restraining order. See ECF No. 13. The District Judge found that "[d]espite Respondents' arguments that there are material factual differences between this case and those identified by the court, Respondents must still comply with the applicable regulations regarding revocation of an OSUP and re-detention to effectuate removal." Id. The Court ordered:

> (1) Respondents shall immediately release Petitioner Leonidez Camilo Mendez Hinojosa (A-028 777 412) from Respondents' custody; and
>
> (2) Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i). Moreover, given that the standard for issuing a Temporary Restraining Order is "substantially identical" to the standard for issuing a Preliminary Injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), the court hereby ISSUES a Preliminary Injunction on the same terms. The Clerk of the Court is DIRECTED to serve California City Detention Center with a copy of this Order.

Id.

The matter was referred to the undersigned for further proceedings. The Court ordered Petitioner to file a reply, ECF No. 14, which Petitioner filed on May 13, 2026, stating he stands on his prior briefing. See ECF No. 15. Petitioner argues that he was not provided the process required by 8 C.F.R. § 241.13(i) when revoking his and therefore his detention was unlawful. See ECF No. 11.

/ / /

When the government seeks to revoke the release of a noncitizen subject to § 1231 for removal but fails to provide the process prescribed in 8 C.F.R. § 241.13(i), this Court has granted petitions, or afforded injunctive relief, ordering the immediate release of the noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025); Vuong v. Becerra, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025). Based on the record provided by parties, the undersigned finds that Petitioner was not afforded the process prescribed in 8 C.F.R. § 241.13(i)(3), necessary to revoke Petitioner's release. The Court finds, for the reasons addressed in Meknat Mohammad v. Chestnut, No. 1:26-cv-01139-DAD-DMC-HC, 2026 LX 363026 (E.D. Cal. June 17, 2026) that Petitioner's re-detention without compliance with 8 C.F.R. § 241.13(i) violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted and that Respondents be restrained from re-detaining Petitioner absent strict adherence to § 241.13(i).

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED and that Respondents be restrained from re-detaining Petitioner absent strict adherence to § 241.13(i).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE