UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C.M.H.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et. al.,<br>Respondents. | No. 1:26-cv-01808-DC-ICD (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 16) |

Petitioner, an immigration detainee, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 3, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 16.) On September 4, 2026, Respondents objected to the findings and recommendations "[f]or the reasons set forth in Respondents' previous briefing" and also because, Respondents assert, the petition is moot and "the court is not empowered to grant relief aside from [P]etitioner's release." (Doc. No. 17.)

Respondents' objections to the findings and recommendations are unpersuasive. First, the arguments in Respondents' previous briefing were already addressed and rejected by the

magistrate judge and the undersigned in this case. (Doc. Nos. 13, 16.) Second, the injunctive relief previously ordered by this court, which is inherently temporary, was not limited to Petitioner's release from custody. The court's order also provided certain limitations on Petitioner's re-detention, and if this case were dismissed without the injunctive relief first being made permanent, Respondents would no longer be subject to those restrictions. The petition is therefore not moot because there remain "collateral consequence[s] that may be redressed by success on the petition." *See Oliveira Tinoco*, No. 1:26-cv-05505-DC-CKD (HC), 2026 WL 2949219, at *3 (E.D. Cal. Oct. 1, 2026) (holding that the habeas petition was not rendered moot by the petitioner's release from custody). Lastly, federal courts may, and routinely do, issue relief in habeas proceedings beyond simply granting release from custody. *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) ("[T]he [federal habeas corpus] statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted."); *see also Singh v. Waters*, 87 F.3d 346, 350 (9th Cir. 1996) (directing the district court to "grant the writ of habeas corpus, ordering the [Immigration and Naturalization Service] not to violate the stay of deportation[,] . . . and to permit [the noncitizen] to return to the United States for the purpose of appearing at a hearing before the immigration judge to determine whether discretion to adjust his status should be favorably exercised"); *Hernandez Ramos v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-08779-TLN-SCR, 2026 WL 3547396, at *4 (E.D. Cal. Nov. 18, 2026) (imposing restrictions on the respondents as to the re-detention of the noncitizen); *Sy v. Casey*, No. 26-cv-4693-BJC-JLB, 2026 WL 3522695, at *2 (S.D. Cal. Nov. 16, 2026) (same); *El Kharchy v. Scott*, No. 2:26-cv-03132-TLF, 2026 WL 3536385, at *6 (W.D. Wash. Nov. 17, 2026) (same); *F.R.P. v. Wamsley*, No. 3:25-cv-01917-AN, 2026 WL 482184, at *4 (D. Or. Feb. 19, 2026) (same). Thus, Respondents' objections provided no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 3, 2026 (Doc. No. 16), are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED;
3. The injunctive relief set forth in this court's prior order (Doc. No. 13) is made permanent; and
4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dena Coggins
United States District Judge